# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 09-300V
Filed: January 15, 2015
(Not for Publication)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KIM CASTALDI and RICHARD CASTALDI, parents and next of kin to V.C., a minor, | |
| Petitioners, | Stipulation; Final Attorney Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Downing, Esq.*, Hennelly & Steadman, P.C., Phoenix, AZ, for petitioners.
*Darryl Wishard, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION on FINAL ATTORNEYS' FEES and COSTS[1]

**Vowell**, Special Master:

On January 15, 2015, the parties filed a Stipulation of Fact Regarding Final Attorneys' Fees and Costs ["Stipulation"], wherein they explained that based on discussion of petitioners' draft application for final fees and costs, petitioners amended their final fees and costs request. Respondent does not object to the amended amount of $18,000.00[2] that petitioners are seeking. Pursuant to General Order #9, petitioners' counsel represents that petitioners have incurred no out-of-pocket expenses in the proceedings on the petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] This amount covers all attorneys' fees and costs incurred between May 1, 2013 and Present. Stipulation at ¶ 4. On September 18, 2013, petitioners were awarded a lump sum of $55,000.00 for interim attorneys' fees and costs through April 30, 2013.

1

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $18,000.00[3] as follows:**

- **A lump sum of $1,789.75 in the form of a check payable to Kim Castaldi, Richard Castaldi, Andrew D. Downing, and Hennelly & Steadman, PLC;**

- **A lump sum of $16,210.25 in the form of a check payable to Kim Castaldi, Richard Castaldi, Andrew D. Downing, and Vann Cott & Talamante, PLLC.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u><br>
**Denise K. Vowell**<br>
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).